FILED

2017 Jul-05  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| BOBBY ALTON GILLILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  6:17-cv-00795-RDP-HNJ |
| | ) | |
| JEFFREY MANORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff filed an amended *pro se* complaint on the form typically used by prisoners bringing claims pursuant to 42 U.S.C. § 1983.  (Doc. 5).  The plaintiff names a sole defendant, Jeffery Manord, a private physician in Hamilton, Alabama.  (*Id*.).  The plaintiff seeks a different physician to perform his surgery, compensation for his pain and suffering, and the defendant's payment of his medical bills.  (*Id*. at 4).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the complaint to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. Standard of Review

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A.  The court must dismiss the complaint or any portion thereof

that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327.

Moreover, a court may dismiss a complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground proceeds by the same standards as dismissals for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

2

quotation omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Similarly, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones*, 549 U.S. at 215.

Courts hold *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and liberally construe them.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, such pleadings still must allege factual allegations that "raise a right to relief above the speculative level."  *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

The plaintiff is incarcerated in Hamilton Aged and Infirm Correctional Facility ("Hamilton A&I").  (Doc. 1 at 3).   He states that the defendant, Dr. Manord, performed a hernia operation on him.  (*Id.*).  Nine months later, the swelling in the plaintiff's left testicle had not subsided and the pain became severe.  (*Id.*).  Dr. Loveless, the physician at Hamilton A&I, referred the plaintiff

back to Dr. Manord for further surgery. (*Id.*, at 4). After the plaintiff arrived at the hospital and was prepared for surgery, Dr. Manord changed his mind and told the plaintiff he would "have to live with it." (*Id.*).

### III. Analysis

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

In a federal civil action, the plaintiff bears the duty to set forth the basis for the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction ...."). A plaintiff must assert either (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *Gibson v. York*, 569 Fed.App'x 810, 812 (11th Cir. 2014). While the

4

plaintiff filed this action utilizing the § 1983 Form Complaint for Pro Se Litigants, the plaintiff's claims fail to state any plausible constitutional cause of action against the sole named defendant which may be pursued through § 1983.

To state a claim for relief under § 1983, a plaintiff must allege an act which deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States, committed *by a person acting under color of state law*. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (emphasis added). The plaintiff does not allege that Dr. Manord is a state actor or that Dr. Manford's actions deprived the plaintiff of a right under the Constitution.  As a private doctor, defendant Manord does not act "under color of state law."  *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (noting that § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'"); *Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1276-77 (11th Cir. 2003).   Therefore, allegations against private doctors who treat imprisoned patients, without more, do not suffice for Eighth Amendment, and hence § 1983, purposes.  *See e.g., Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 827 (7th Cir. 2009) (" … private organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons"); *Styles v. McGinnis*,

5

28 Fed.App'x 362, 364 (6th Cir. 2001) (private physician who provided emergency staffing services to hospital as an independent contractor could not be considered a state actor for purposes of § 1983); *Pino v. Higgs*, 75 F.3d 1461, 1466 (10th Cir. 1996) (private emergency room physician not acting under color of state law for purposes of a § 1983 action by examining the plaintiff); *Ellison v. Garbarino*, 48 F.3d 192, 197 (6th Cir. 1995) (private physician "in no way contractually bound to the state" deemed not a state actor under § 1983); *Nunez v. Horn*, 72 F.Supp.2d 24, 27 (N.D.N.Y. 1999) (orthopedic surgeon who performed surgery at private hospital on inmate pursuant to referral but absent contract with Bureau of Prisons not a state actor).

Furthermore, § 1983 does not render complaints of negligence or medical malpractice actionable under the Constitution.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (an allegation of mere negligence is insufficient for violation of constitutional right); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004) (medical malpractice claim is insufficient to establish liability under § 1983); *Howell v. Evans*, 922 F.2d 712, 719-20 (11th Cir. 1991) ("mere negligent diagnosis or treatment does not constitute deliberate indifference" but rather, "at most, medical negligence" which is not "a cognizable claim" under § 1983);

*Katorie v. Dunham*, 108 Fed. App'x 694, 698-699 (3d Cir. 2004) (private doctor's course of action motivated by his own medical judgment and not the result of state action).

Therefore, the plaintiff's attempts to bring a medical malpractice claim against Dr. Manord under the guise of § 1983 warrants dismissal.  The plaintiff does not allege any violation of his constitutional rights.  Even if the plaintiff asserts that Dr. Manord acted in deliberate indifference to his medical needs, Dr. Manord is not a state actor.  While sympathetic to the plaintiff's plight, the undersigned can find no cause of action stated in the plaintiff's amended complaint, or arising out of the plaintiff's amended complaint, such that this court can exercise jurisdiction over the plaintiff's claims.[1]

The undersigned has also considered whether the plaintiff states a claim which involves a federal question other than § 1983, such that the court still could exercise jurisdiction pursuant to 28 U.S.C. § 1331, or a claim based on diversity of the parties, such that 28 U.S.C. § 1332 could provide the court with jurisdiction.

Title 28 U.S.C. § 1332(a)(1) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

---

[1] Feasibly, the plaintiff's allegations state a claim for medical malpractice under state law, but this is not a claim which concerns a constitutional right.  *See e.g., Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Any such claims extend beyond the reach of a viable case that a plaintiff may bring against a private actor pursuant to § 1983.

value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  To invoke diversity jurisdiction, a plaintiff must affirmatively allege facts in the complaint showing that both the amount in controversy and the diversity of citizenship prongs of § 1332(a) are satisfied.  *See e.g., Massey v. Congress Life Ins. Co*., 116 F.3d 1414, 1418 n. 1 (11th Cir. 1997) (noting that for a court to exercise diversity jurisdiction, plaintiff must allege that plaintiff and defendant are citizens of different states and that the amount in controversy exceeds the jurisdictional threshold); *Taylor,* 30 F.3d at 1367 (finding no diversity jurisdiction where complaint failed to plead citizenship of defendant).  Here, the plaintiff and defendant are not diverse.  The plaintiff is an inmate in the Alabama prison system and Dr. Manord is a medical doctor with an office in Hamilton, Alabama.  The lack of diversity between the plaintiff and defendant renders this court's jurisdiction fatal if based on 28 U.S.C. § 1332.  *See e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship") (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)).

Absent diversity jurisdiction, a plaintiff must "present a 'substantial' federal question in order to invoke the district court's jurisdiction."  *Wyke v. Polk County School Bd*., 129 F.3d 560, 566 (11th Cir. 1997).  Under federal question jurisdiction, district courts are given "original jurisdiction of all civil actions

8

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In general, a case 'arises under' federal law if federal law creates the cause of action...." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). A should examine the face of a complaint to make this determination. *Id.*

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (*quoting Bell v. Hood*, 327 U.S. 678, 685 (1946)). As to the latter basis for dismissal, a court may find subject matter jurisdiction lacking "if the claim 'has no plausible foundation ....'" *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992) (*quoting Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977)).

As stated previously, the undersigned can find no cause of action arising under the Constitution or laws of the United States. The plaintiff's claim, as set forth in his amended complaint, falls within the realm of negligence or medical malpractice, both of which arise under Alabama law. A lack of any basis upon which to exercise federal jurisdiction requires dismissal of this action. *See e.g., Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001)

9

(citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)) (stating federal court must dismiss a case upon determination that it lacks subject matter jurisdiction, regardless of the stage of the proceedings).

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** to the plaintiff's right to refile this action in an appropriate forum, due to lack of subject matter jurisdiction.

## V.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint which the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

10

Upon receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 3rd day of July, 2017.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

11